IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LUKE, et al., | ) | CASE NO.  1:02CV1225 |
| | ) | |
| | ) | JUDGE GWIN |
| Plaintiffs, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

Pending before the court on referral is Defendants Gerald V. Barrett's and Barrett & Associates, Inc.'s Motion for Attorney Fees and Related Expenses.  The motion is opposed.  For the following reasons, the magistrate judge recommends that the motion be overruled.

I.  Background

Plaintiffs filed this action on June 26, 2002 against the City of Cleveland.  On September 25, 2002 they filed a first amended complaint adding Gerald V. Barrett and Barrett & Associates, Inc. as defendants (collectively "the Barrett defendants").  On November 13, 2002 the Barrett defendants filed a Motion for Judgment on the Pleadings.  Plaintiffs subsequently filed a second amended complaint.  On January 31, 2003 the Barrett defendants filed a Motion for Judgment on the Pleadings or, In the Alternative, for Summary Judgment.  On February 19, 2003

Judge Paul Matia, to whom the case was then assigned, converted the motion to one for summary judgment. Plaintiffs filed their opposition to the summary judgment motion of April 24, 2003; the Barrett defendants filed their reply on April 30. Discovery in the case continued into 2005, during which time the case was transferred to Judge Gwin.

On February 10, 2005 plaintiffs filed a Motion to Dismiss Defendant Barrett & Associates, Inc. and Gerald Barrett Pursuant to Federal Civil Rule 41(A). The motion was filed in the midst of settlement negotiations before this court. Plaintiffs made clear that they intended to sue the Barrett defendants in state court on at least the spoliation of evidence claim. The Barrett defendants filed an opposition to that motion on February 11, arguing that the court should either 1) dismiss the case with prejudice, 2) dismiss the case without prejudice and award defendants their attorney fees, or 3) rule on the pending motion for summary judgment and address a pending motion for sanctions filed by defendants against plaintiffs. Plaintiffs withdrew their motion on May 12, 2005. The magistrate judge notes that at the time the plaintiffs filed their motion, the parties had not yet undertaken extensive deposition discovery. Defendants argued that they had incurred "tens of thousands" of dollars in attorney fees, not the hundreds of thousands of dollars they now seek.

On August 22, 2005 Judge Gwin ruled on the Barrett defendants' motion for summary judgment, granting in part and denying in part defendants' motion. Specifically, Judge Gwin preserved for trial certain claims under 42 U.S.C. § 1983 and various state claims. Those claims were subsequently dismissed either after plaintiffs' case or by the jury at the close of trial. The Barrett defendants filed their motion for attorney fees under 42 U.S.C. § 1988 ("§ 1988") as prevailing parties in a civil rights action.

II.

2

Section 1988 reads, in relevant part,

**(b) Attorney's fees**

In any action or proceeding to enforce a provision of sections 1981, . . ., 1983, 1985, ...the court, in its discretion, may allow the prevailing party, . . ., a reasonable attorney's fee as part of the costs, . . . .

In *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412 (1978), the Supreme Court articulated the standard for awarding attorney fees in favor of a prevailing defendant and against a plaintiff in a civil rights action. The issue before the court was what standard to apply when asked to award fees to a prevailing defendant in a Title VII action. The Court looked to criteria applied by the Second and Third Circuits, citing the Second Circuit holding that "such awards should be permitted 'not routinely, not simply because [defendant] succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Id.* at 421, citing *Carrion v. Yeshiva Univ.,* 535 F.2d 722, 727 (2d Cir. 1976). The Court added the following:

> We would qualify their words only by pointing out that the term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

> Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-22.

The Sixth Circuit has applied the *Christiansburg* standard to cases seeking fees under § 1988.[1] In *Riddle v. Egensperger*, 266 F.3d 542 (6th Cir. 2001), the court reversed an award of fees by the district court after defendants were granted summary judgment. The Sixth Circuit stressed that the lower court had not made a finding of egregious misconduct by plaintiffs. As in *Christiansburg*, the court articulated concern with *post hoc* reasoning:

> A plaintiff who continues to litigate claims after discovery has concluded, proceeds to summary judgment, and a judge thereafter rules that the claims are without merit, does not necessarily support the conclusion that the plaintiff's claims were frivolous, unreasonable, or groundless, especially if there are viable claims intertwined to the meritless claims. Even though the claims after discovery are found to be without merit by a court, such a finding does not equate with a determination that the claims were without foundation when the complaint was initially filed. If the underlying claims and Appellants' actions were frivolous, Defendants could have used Rule 12(b)(6) to narrow the claims at the onset of the case, rather than engaging in extensive discovery in order to "obtain" summary judgment. Rule 56 is a tool to narrow the factual and legal issues to be brought to trial but does not necessarily mean that a finding not in favor of a plaintiff means that the plaintiff has no basis for filing a complaint.

*Riddle*, 266 F.3d at 551. The court noted a concern that runs throughout the cases: fear of assessment of fees upon losing will discourage a plaintiff from pursuing the enforcement of civil rights and run contrary to the intent of Congress. The lesson of *Riddle* is clear: "'A court must be

---

[1] The same standards apply to cases involving applications for fees under § 1988. *Hughes v. Rowe,* 449 U.S. 5 (1980) (per curiam); *Smith v. Smyth-Cramer Co.,* 754 F.2d 180, 183 (6th Cir. 1985).

4

sensitive that '[a]n award of attorney's fees against a losing plaintiff in a civil right action is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Id.* at 552, quoting *Ridder v. City of Springfield*, 109 F,3d 288, 299 (6th Cir. 1997).

Finally, in *Balmer v. HCA, Inc.,* 423 F.3d 606 (6th Cir. 2005), the district court awarded fees to defendant in a Title VII case. In doing so, the court noted that plaintiff was sophisticated, had a law degree, had supervised insurance claims that resulted in litigation, knew the time and costs of employment discrimination lawsuits, sought class certification even after learning in discovery that the evidence could not support such, alleged sexual harassment and then admitted in her deposition that she had never been harassed, and pursued a meritless failure to promote claim. Further, plaintiff had been represented by six lawyers during the course of the litigation. The district court awarded fees for some but not all of plaintiff's claims.

The Sixth Circuit looked to two prior case holdings to reverse the district court. The law in the Sixth Circuit is clear: "[W]e conclude that in this circuit attorneys' fees may not be awarded to defendants where the plaintiff has asserted at least one non-frivolous claim." 423 F.3d at 617. Defendants' efforts to avoid the holding of this case are unavailing.

III.

A. Barrett & Associates

In ruling on the Barrett defendants' motion for judgment as a matter of law Judge Gwin held that there remained questions of fact to be resolved by the jury with respect to certain § 1983 claims against Barrett & Associates. Therefore, under *Balmer*, because plaintiffs asserted at least one non-frivolous claim against Barrett & Associates, defendants cannot be awarded fees under § 1988.

With respect to Dr. Barrett the issue is whether this is a "truly egregious case of misconduct" meriting what the Sixth Circuit deems to be an "extreme sanction." In resolving that question this court can only note that plaintiffs' allegations against Dr. Barrett were not so frivolous, unreasonable, or without foundation as to fail to survive the summary judgment motion filed by the Barrett defendants. Obviously Judge Gwin concluded that there were factual or legal issues left to be heard, even if the case did not ultimately survive a Rule 50 motion. To conclude now that the case was completely frivolous given the outcome would be to engage in the *post hoc* reasoning decried by the Sixth Circuit in *Riddle*. [2]

In their Reply Brief the Barrett defendants change theories of recovery and argue that instead of relying on § 1988, they are relying on the court's inherent authority to award attorney fees based upon plaintiffs' bad faith. The "bad faith" exception to the American Rule requires a showing that the losing party acted vexatiously, wantonly or for oppressive reasons. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). "In order to award attorney fees under this bad faith exception, a district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'" *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997), quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 831 F.2d 1370, 1375 (6th Cir. 1987). The court must make factual findings with regard to each of the three prongs set forth in *Big Yank* before awarding fees under its inherent power.

---

[2] *See Smith v. Smythe-Cramer*, 754 F.2d 180 (6th Cir. 1985), where appeals court reversed award of fees to defendant granted by district court after it directed a verdict in defendant's favor at the end of plaintiff's case. The appeals court found that the district court erred in assessing the merits of plaintiff's case *post hoc*.

The Barrett defendants focus entirely on the lack of merit of plaintiffs' claims and their notice to plaintiffs' counsel of the lack of merit. They do not offer any improper motive for plaintiffs' conduct, motive such as harassment or delay or any other improper purpose plaintiffs would pursue the lawsuit against them. Defendants ignore the fact that in February 2005, prior to defendants' having incurred a large amount of their attorney fees and costs, plaintiffs offered to dismiss the federal claims and to limit their claims to state court ones. The Barrett defendants refused to pursue that offer, an offer that might have led to settlement and certainly would have decreased defendants' future attorney fees. Instead they insisted on dismissal with prejudice, dismissal without prejudice but an award of attorney fees, or a ruling on the summary judgment motion and sanctions motion. Plaintiffs thereby made the decision to keep this case in federal court linked with the action against the City of Cleveland.

It is difficult to find that plaintiffs acted in bad faith when this court has concluded that the lesser standard of § 1988 has not been met. Furthermore, this court cannot conclude that plaintiffs pursued this action against the Barrett defendants for any improper purpose, even if one could assume that the case lacked merit.

The magistrate judge recommends that the motion for an award of attorney fees and expenses to the Barrett defendants pursuant to § 1988 or the court's inherent authority be overruled.

IV.

For the above stated reasons, the magistrate judge recommends that the Barrett defendants motion for an award of attorney fees and expenses pursuant to Rule 54(d)(2) be

overruled.

Dated: February 9, 2005                                          s:\Patricia A. Hemann
                                                                                            Patricia A. Hemann
                                                                                            United States Magistrate Judge

## **OBJECTIONS**

       Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).