UNITED STATES DISTRICT COURT
NONRTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| ANTHONY LUKE, et al., : | CASE NO. 1:02CV1225 |
| : |  |
| Plaintiffs, : |  |
| : |  |
| vs. : | OPINION AND ORDER |
| : | [Resolving Doc. Nos. 443, 471] |
| CITY OF CLEVELAND, et al., : |  |
| : |  |
| Defendants. : |  |
| : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the Magistrate Judge's Report and Recommendation [Doc. 471] on the Motion for Attorney Fees and Related Expenses of Defendants Gerald Barrett and Barrett & Associates, Inc. [Doc. 443]. The defendants move for an order that the plaintiffs reimburse them for attorney fees and other litigation expenses because, they argue, the plaintiffs' claims against them were frivolous and unreasonable. The plaintiffs oppose the motion [Doc. 456], and the defendants have replied. [Doc. 461]. The Court referred the defendants' motion to Magistrate Judge Patricia Hemann for a Report and Recommendation. [Doc. 454]. After conducting a thorough analysis of the defendants' motion, on February 9, 2006, Magistrate Judge Hemann recommended that this Court deny the defendants' motion. The defendants object to the Magistrate Judge's recommendation.. The Court adopts the Magistrate Judge's recommendation and **DENIES** the defendants' motion for fees.

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1). The defendants object to the Magistrate Judge's application of *Balmer v. HCA, Inc.*, 423 F.3d 606 (6th

-1-

Case No. 1:02CV1225
Gwin, J.

Cir. 2005), and also her interpretation of the plaintiffs' offer to re-file their claims in state court.

The defendants' objections are off-base. The Magistrate Judge properly cited *Balmer* for the proposition that where plaintiffs assert at least one non-frivolous claim, defendants are ineligible for fee-shifting under 42 U.S.C. § 1988. The Court agrees that the plaintiffs' claims were not so frivolous, unreasonable, or without foundation as to merit an award of attorneys' fees. *See N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004). The Court notes the jury found that the 1996 lieutenant and captain promotional examinations that Dr. Barrett developed did not test relevant job knowledge. [Doc. 430 at 1, 2]. This provides further support for a finding that the plaintiffs' claims against Dr. Barrett were not so baseless as to necessitate an award of litigation expenses.

The Magistrate Judge's reference to the plaintiffs' February 2005 offer to re-file the lawsuit in state court does not alter the Court's opinion one way or another. [Doc. 471 at 7]. The fact remains that the plaintiffs' conduct does not merit an award of fees.

Having conducted its own de novo review, this Court agrees with the conclusions of the Magistrate Judge. The Court denies the defendants' motion for attorney fees and related expenses.

### Conclusion

For the reasons discussed above, the Court **DENIES** the defendants' motion for attorney fees and related expenses. [Doc. 443].

IT IS SO ORDERED.

Dated: March 8, 2006           s/   *James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE