IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LUKE, et al., | ) | CASE NO. 1:02CV1225 |
| | ) | |
| | ) | JUDGE GWIN |
| Plaintiffs, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

Pending before the court on referral is plaintiffs' Motion to Enforce Settlement Agreement and Judgment. The motion is opposed by the City of Cleveland ("City"). For the reasons set forth below, the magistrate judge recommends that the court grant plaintiffs' motion.[1]

I.

Initially the parties disagreed on three points: 1) whether a bankruptcy court order was necessary prior to distribution of funds to individuals who were or are involved in bankruptcy proceedings; 2) whether plaintiffs agreed to dismiss all claims pending against the City, including

---

[1] The magistrate judge attempted to resolve this matter by working with the parties after reviewing the transcript. The attempts were not successful.

workers compensation claims; and 3) whether plaintiffs Butler and Acey were required to take and pass a physical examination before they could be promoted. The bankruptcy issue has been resolved. The City will rely upon the representations of the trustee for each individual bankrupt. If the trustee indicates that monetary damages must be included in the bankrupt estate, the plaintiff must proceed as required in bankruptcy court. If the trustee indicates the contrary, the monetary damages may be paid to the plaintiff directly.

The City contends that plaintiffs agreed to dismiss all claims against the City, including workers compensation claims. Plaintiffs contend that Mr. Odum agreed to dismiss the complaint he filed with the Equal Employment Opportunity Commission and Mr. White agreed to dismiss a pending grievance, period.

This court must rely upon the plain language of the transcript of the settlement statements placed on the record before Judge Gwin. The relevant portions of the transcript are as follows:

> THE COURT: Under the parties settlement, certain of the Plaintiffs in this case have previously suffered or previously achieved certain promotions, and there's been an agreement that the seniority date for those promotions would be backdated to the end of the 1996 list. There are certain other Plaintiffs who have not obtained promotions and those parties would obtain promotions. Their seniority would date from the – at the end of the 2000 list. **All these parties would give up any additional claims with regard to it.** There would be a settlement involving three individuals; Mr. Odum and Mr. Guyton and Mr. Luke.
> \*\*\*\*\*\*
> The only other two conditions would be that the Plaintiffs in this case would dismiss all claims as against the City and would dismiss this case with prejudice. **Mr. Odum also had a separate lawsuit and he would also execute a release as against the city on that lawsuit.**
> \*\*\*\*\*\*
> MR. HASTINGS: And Mr. White has a separate claim. We also –
> MR. THOMPSON: I don't think he does. He's not on the appeal.

2

> MR. GIBBONS: A grievance for discipline.
> MR. HASTINGS: Grievance for discipline and EEO.
> \*\*\*\*\*\*
> THE COURT: . . . And I would ask – and the claims – Plaintiffs would dismiss all the other claims with prejudice.
> MR. THOMPSON: We have that release on the record?
> THE COURT: Yes.
> MR. THOMPSON: **Where he's releasing the grievance that he has, Granville White, and he's agreeing to release that grievance.**

Transcript of proceedings March 6, 2004 (emphasis added). Mssrs. Odum and White agreed to the terms of the settlement agreement when asked by their counsel.[2]

At no time the City raise the issue of workers compensation claims or any claims other than the two involving Odum and White. Certainly no other plaintiffs agreed to dismiss any specific claims except those asserted in this federal case. The City's reliance on "all other claims" cannot be construed to include workers compensation or other claims outside of this lawsuit, especially when counsel for the City focused on two specific actions involving two specific plaintiffs. Thus the magistrate judge concludes that plaintiffs' position with respect to the scope of the dismissal of claims is correct.

Finally the City asserts that plaintiffs Acey and Butler must take and pass fitness for duty tests before being promoted. Plaintiffs reply that Acey and Butler are currently working, that there is no requirement that an individual take and pass a physical examination before being promoted, and that the terms of the settlement were clear as to these two individual.

The City submitted to the court a sur-reply brief in which it argued that no individual on transitional/light duty, the duty to which Acey and Butler are currently assigned, has ever been promoted. Moreover, the City contends that "[a]ny member of the Division of Fire who has a pre-

---

[2]Counsel agreed that the settlement of the case would moot White's EEO action.

3

existing medical condition is subject to a fitness for duty or independent medical examination according to the collective bargaining agreement." The "past practice of the Division of Fire," according to the City, "is that only personnel deemed fit for regular/full duty have been promoted."[3] The portion of the collective bargaining agreement submitted in support of the City's position reads as follows:

> The City may require periodic examinations to determine the continued extent of incapacity and when an employee may be returned to normal duty. **While both the City and the Union acknowledge that there are no permanent restricted duty assignments available, the Safety Department may, at its option, designate certain assignments as temporary restricted duty assignments from time to time to which an eligible employee may be assigned.** The assignments of said employees is the sole responsibility of the Employer based upon the medical bureau's examination results.

(Emphasis added by City.)

The following relevant discussion occurred on the record.

> MR. HASTINGS: . . . And as we've always indicated, there are three of the potential lieutenants who have other issues, medical fitness and one under criminal indictment. And obviously whatever we do is contingent upon those being resolved.
> THE COURT: Okay. I thought that was part of the discussion earlier.
> MR. THOMPSON: First we heard of it. We just – if, for example, Darryl Williams –
> THE COURT: Let's just go off the record.
> (Discussion held off the record.)
> THE COURT: Let's conclude.
> The City has raised the issue there are three people, who, for disability or other reasons, are not currently working, and that they would have to meet the current requirements to retake a position with the fire department before they would qualify for the – for this promotion. But once they have obtained that, under conditions that now exist, they would qualify.

---

[3]The City previously asserted in a telephone conference that this court is without jurisdiction to take a position contrary to the collective bargaining agreement and to enforce the settlement in the manner proposed by the plaintiffs. It does not take that position in its sur-reply brief.

4

> MR. THOMPSON: Dave, you're okay with that, Dave Butler?
> MR. BUTLER: Yes.
> MR. THOMPSON: Keith Acey.
> MR. ACEY: I don't think I'm one of those people.
> ******
> THE COURT: In any case, if you are, you would be subject to that. If you're not, you're not.

Plaintiffs contend that the court's use of "retake a position," a term of art in the setting of the fire department, was agreed to by the City. There is no dispute that Acey and Butler are currently working in temporary/light duty positions. There is also no dispute that there is no requirement cited in the collective bargaining agreement for an individual to take and pass a fitness for duty examination prior to being promoted. The City maintains, however, that past practice should dictate here and require Acey and Butler to pass such an examination before they can be promoted.

This court sees no requirement in the portion of the collective bargaining agreement consistent with the position taken by the City. Moreover, a settlement agreement can, and often does, require action consistent with past practice. It appears that Acey and Butler have "retaken a position" with the department and thus must have qualified to do so prior to assuming their positions. The City did not make clear on the record that Acey and Butler could not be promoted from a temporary/light duty position and have not made any argument as to why they cannot be promoted other than "it hasn't been done before." The City and the fire department representatives having agreed to the court's characterization of how the promotions of Acey and Butler would proceed, the magistrate judge concludes that they are bound by that characterization.

## II.

For the above stated reasons, the magistrate judge recommends that the court enforce

the terms of the settlement agreement as articulated by plaintiffs. The magistrate judge further recommends that the court grant plaintiffs' request for postjudgment interest but deny the request for attorneys' fees.

| | |
|---|---|
| Date: July 21, 2006 | s:\Patricia A. Hemann<br>Patricia A. Hemann<br>United States Magistrate Judge |

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).