UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| ANTHONY LUKE, *et al.*, | : | CASE NO. 1:02-CV-01225 |
| | : | |
| Plaintiffs, | : | JUDGE JAMES S. GWIN |
| | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. Nos. 503, 515] |
| CITY OF CLEVELAND, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is Magistrate Judge Hemann's Report and Recommendation on Plaintiffs motion to enforce settlement agreement, back pay and for post judgment interest. [Doc. 515.]

On July 22, 2006, this Court referred the case to Magistrate Judge Hemann under Local Rule 72.1 for a Report and Recommendation. [Doc. 504.] On June 13, 2006, Magistrate Judge Hemann filed a Report and Recommendation in which he recommended this Court enforce the terms of the settlement agreement as articulated by Plaintiffs, grant Plaintiffs' request for post judgment interest, but deny the Plaintiffs' request for attorneys' fees.

The Defendants objected to the Magistrate Judge's Report, asserting that the Report and Recommendation was erroneous, arguing (1) the Plaintiffs agreed to dismiss all claims against the City, including workers' compensation claims; and (2) Plaintiffs Butler and Acey are required to take and pass a physical examination before they can be promoted.

Case No. 1:02-cv-1225
Gwin, J.

For the reasons provided below, this Court **ADOPTS** Magistrate Judge Hemann's Report and Recommendation. Thus, this Court enforces the terms of the settlement agreement as articulated by Plaintiffs, grants Plaintiffs' request for post judgment interest, but denies the Plaintiffs request for attorneys' fees.

## I. Background

On November 8, 2005, Plaintiffs won a jury verdict for disparate impact discrimination and hostile environment claims. Following trial both parties met in chambers and reached a settlement. The terms of the settlement are evidenced by the transcript of the settlement statements placed on the record. The relevant portions of that transcript are as follows:

> THE COURT: Under the parties settlement, certain of the Plaintiffs in this case have previously suffered or previously achieved certain promotions, and there's been an agreement that the seniority date for those promotion would be backdated to the end of the 1996 list. There are certain other Plaintiffs who have not obtained promotions and those parties would obtain promotions. Their seniority would date from the – at the end of the 2000 list. All these parties would give up any additional claims with regard to it. There would be a settlement involving three individuals: Mr. Odum and Mr. Guyton and Mr. Luke.
> ******
> The only other two conditions would be that the Plaintiffs in this case would dismiss all claims as against the City and would dismiss this case with prejudice. Mr. Odum also had a separate lawsuit and he would also execute a release as against the City on that lawsuit.
> ******
> MR. HASTINGS: And Mr. White has a separate claim. We also –
> MR. THOMPSON: I don't think he does. He's not on the appeal
> MR. GIBBONS: A grievance for discipline
> MR. HASTINGS: Grievance for discipline and EEO.
> ******
> THE COURT: ... And I would ask – and the claims – Plaintiffs would dismiss all the other claims with prejudice.
> MR. THOMPSON: We have a release on the record?

Case No. 1:02-cv-1225
Gwin, J.

> THE COURT: Yes.
> MR. THOMPSON: Where he's releasing the grievance that he has, Granville White, and he's agreeing to release that grievance.
> ******
> MR. HASTINGS:... And as we've always indicated, there are three of the potential lieutenants who have other issues, medical fitness and one under criminal indictment. And obviously whatever we do is contingent upon those being resolved.
> THE COURT: Okay. I thought that was part of the discussion earlier.
> MR. THOMPSON: First we heard of it. We just – if, for example, Darryl Williams --
> THE COURT: Let's just go off the record.
> (Discussion held off the record)
> THE COURT: Lets Conclude.
>> The City has raised the issue there are three people, who, for disability or other reasons, are not currently working, and that they would have to meet the current requirements to retake a position with the fire department before they would qualify for the – for this promotion. But once they have obtained that, under conditions that now exist, they would qualify.

*See* [Doc. 504 (citing Transcript at 9-12).]

On June 21, 2006, months after negotiations and settlement, Plaintiffs filed a motion to enforce settlement agreement, back pay and post judgment interest. Subsequent to discussions with both parties, Magistrate Judge Hemann filed a Report and Recommendation in which she recommended this Court enforce the terms of the settlement agreement as articulated by Plaintiffs, grant Plaintiffs' request for post judgment interest, but deny the request for attorneys' fees.

**II. Legal Standard**

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1). Parties must file any objections to a Report and Recommendation within ten days of service. Failure to

Case No. 1:02-cv-1225
Gwin, J.

object within that time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

"[A] settlement agreement entered into between the parties in the presence of the court constitutes a binding contract, even though it is not reduced to writing. . ." *Spercel v. Sterling Indus., Inc.,* 31 Ohio St. 2d 36, 40 (1972). Courts generally give effect to the parties' expressed intentions in a contract, whereas intentions not directly expressed in the contract are deemed to have no existence. *Aultman Hospital Ass'n v. Community Mut. Ins. Co.,* 46 Ohio St. 3d 51, 53 (1989).

### III. Analysis

The City contends that Plaintiffs agreed to dismiss all claims against the City, including workers' compensation claims. Plaintiffs, however, argue that Odum merely agreed to dismiss his pending complaint, while White agreed to dismiss his pending grievance, EEOC charge, and all claims in the instant lawsuit.

The plain language of the transcript of the settlement statements illustrates that Plaintiff is correct regarding the scope of the dismissal of claims. The City's reliance on the phrase "all other claims" in the transcript cannot be construed to include workers' compensation claims or claims outside of the instant lawsuit. This is especially true because the City explicitly enumerated two other specific actions that they wanted dismissed along with the instant lawsuit. Moreover, at no time did the City raise the issue of workers' compensation claims, or for that matter, any claims other than the two involving Odum and White and the instant suit.

The City also asserts that Plaintiffs Acey and Butler must pass fitness-for-duty tests before they can be promoted. Plaintiffs counter that they are currently working, there is no requirement that

-4-

Case No. 1:02-cv-1225
Gwin, J.

an individual pass a physical examination before being promoted, and that the terms of the settlement clearly did not require such an exam.

The transcript never mentions or requires Plaintiffs to pass fitness-for-duty tests before they can be promoted.  Instead, the transcript indicates that those who are "not currently working . . . would have to meet the current requirements to retake a position with the fire department before they would qualify for the – for this promotion." [Doc. 504 (citing Transcript at 9-12).] It is undisputed that both Acey and Butler have "retaken a position with the fire department."  Nowhere in the transcript of the settlement statements does it say that Plaintiffs are required to retake active front-line fire duty, or even retake the same position they had before in order to qualify for a promotion. Plaintiffs were simply required to retake a position with the fire department, and it is undisputed that Plaintiffs currently hold positions with the fire department.

The City further argues that Plaintiffs are on temporary/light duty and no one has ever been promoted while assigned to that type of duty.   There is nothing in the record, however, that indicates Plaintiffs could not be promoted from a temporary/light duty position. In addition, the City contends it is the "past practice of the Division of Fire" that "only personnel deemed fit for regular/full duty have been promoted." The City, however, fails to reference any section in their collective bargaining agreement or elsewhere, stating that a person cannot be promoted while on temporary/light duty.  Therefore, since the City and Plaintiffs previously agreed as to how the promotions would proceed, they are bound by the plain language of the transcript of the settlement statements. Plaintiffs have qualified for the promotion because they have retaken a position with the fire department.

### IV. Conclusion

-5-

Case No. 1:02-cv-1225
Gwin, J.

For the aforementioned reasons, this Court **ADOPTS** in whole Magistrate Judge Hemann's Report and Recommendation. Therefore, this Court enforces the terms of the settlement agreement as articulated by Plaintiffs, grants Plaintiffs' request for post judgment interest, but denies the Plaintiffs request for attorneys' fees.

IT IS SO ORDERED.

Dated: November 13 , 2006        s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE