IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LUKE, et al., | ) | CASE NO. 1:02CV1225 |
| | ) | |
| | ) | JUDGE GWIN |
| Plaintiffs, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

Pending before the magistrate judge on referral from Judge Gwin is Plaintiffs' Motion for Back Pay From Settlement Date. Plaintiffs seek backpay from March 14, 2006, the date upon which settlement was entered on the docket by Judge Gwin. Defendant City of Cleveland opposes the motion. For the reasons set forth below, the magistrate judge recommends that the court grant the motion.

I.

It is inconceivable to this court that seven months after counsel and their clients entered into a settlement agreement plaintiffs 1) have not been promoted, 2) have not received ANY settlement proceeds to which the City of Cleveland agreed, and 3) have not been paid the judgments

awarded plaintiffs in their individual trials. After the settlement was entered on the record on March 14, the City spent over a month drafting a written settlement agreement. Plaintiffs complained repeatedly about terms of the agreement to which they contended they had not agreed. On June 21 plaintiffs filed a motion to enforce the settlement agreement. That motion was subsequently referred to the undersigned, who held several telephone conferences with the parties in an attempt to resolve the impasse. The City would not move from its position, arguing that implementing the agreement as plaintiffs insisted would violate the governing collective bargaining agreement.

On July 21 this court issued a Report and Recommendation on the pending motion to enforce. In it the court looked to the clear, unambiguous language of the transcript of the settlement statement presented on the record before Judge Gwin. Based on that record, the court recommended that the settlement be enforced in accordance with the terms advocated on behalf of plaintiffs. The City filed objections to the Report and Recommendation, submitting a large number of exhibits never before referenced and irrelevant given the commitments made orally in court.

On November 13, 2006 Judge Gwin issued an Order & Opinion adopting in full the Report and Recommendation. Judge Gwin, citing Ohio law, stated, "Courts generally give effect to the parties' expressed intentions in a contract, whereas intentions not directly expressed in the contract are deemed to have no existence." Judge Gwin agreed with this court that the plain language of the transcript of the settlement statements supported plaintiffs' position with respect to each of the contested issues. He found defendant bound by statements made by their counsel on the record.

II.

Defendant is correct that plaintiffs have not cited any specific law in support of a

2

post-settlement award of backpay. There are, however, strong arguments to support such an award here. First, backpay is an equitable remedy designed as restitution for the persons injured by the defendant. As the Sixth Circuit said in *Gutzwiller v. Fenik*, 860 F.2d 1317, 1332-33 (6th Cir. 1988),

> The equitable remedies awarded under both section 1983 and Title VII have the goal of making persons whole for injuries suffered on account of unlawful employment discrimination. Backpay is presumptively favored as a make-whole remedy and, absent exceptional circumstances, should be awarded to successful employment discrimination plaintiffs. The back pay award should completely redress the economic injury the plaintiff has suffered as a result of discrimination. It should include the salary, including any raises, which plaintiff would have received but for the discrimination, as well as sick leave, vacation pay, pension benefits and other fringe benefits [he] would have received but for the discrimination.

(Citations omitted). Here defendant delayed promotion and pay increases for months by taking positions that were contrary to plain language of an agreement entered before Judge Gwin in open court after lengthy settlement negotiations. Equity requires that plaintiffs be compensated for the unnecessary delay.

Second, public policy argues for awarding backpay under the facts of this case. The plaintiffs have been deprived of the benefit of their bargain since March 14. Defendant should not be able to profit from its delay technique. It has been able to avoid paying plaintiffs their increased wages simply by imposing additional terms on the agreement. To allow such action would permit any party to a settlement to manipulate payment responsibilities with impunity. While this court recognizes that a good faith dispute can arise and cause delay in executing terms of an agreement, this was not a good faith dispute but an attempt to change agreed upon terms.

Lest defendant argue that it had no other choice given its position, the court points out that the issues in dispute were discrete. The City could have promoted all plaintiffs except

3

Mssrs. Acey and Butler, thereby mitigating its damages substantially. Furthermore, the issue of whether all plaintiffs agreed to dismiss all claims or a few plaintiffs agreed to dismiss pending claims was totally separate from the agreement to make promotions. There was no need to deny promotions while awaiting a court decision on that narrow point.

For the reasons stated above, the magistrate judge recommends that plaintiffs' motion for backpay be granted.

Dated: December 5, 2006                                   s:\Patricia A. Hemann
                                                          Patricia A. Hemann
                                                          United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).