UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| ANTHONY LUKE, *et al.*, | : | CASE NO. 1:02-CV-1225 |
| | : | |
| Plaintiffs, | : | JUDGE JAMES S. GWIN |
| | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. No. 525] |
| CITY OF CLEVELAND, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 20, 2006, Plaintiffs filed a Motion for Back Pay From Settlement Date. [Doc. 525.] On November 6, 2006, Defendant City of Cleveland opposed this motion. [Doc. 526.] On November 14, 2006, this Court referred the issue of back pay to Magistrate Judge Hemann under Local Rule 72.1 for a Report and Recommendation. [Doc. 528.] On December 5, 2006, Magistrate Judge Hemann filed a Report and Recommendation in which she recommended this Court grant the Plaintiffs' motion. [Doc. 529.] Defendant has filed no objections to this Report and Recommendation.

Specifically, Magistrate Judge Hemann found that Defendant delayed promotion and pay increases for months by taking positions contrary to the plain language of the settlement agreement. Back pay is an equitable remedy designed as restitution that permits Plaintiffs to be compensated for the unnecessary delay in the instant case. Likewise, Magistrate Judge Hemann found that this was not a good faith dispute, but an attempt to change agreed upon terms. Public policy dictates that

-1-

Case No. 1:02-cv-1225
Gwin, J.

back pay should be awarded to the plaintiffs in order to prevent parties to a settlement from manipulating payment responsibilities with impunity.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Parties must file any objections to a Report and Recommendation within ten days of service. Failure to object within that time waives a party's right to appeal the Magistrate Judge's recommendation. FED. R. CIV. P. 72(a); *see Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Absent objection, a district court may adopt the Magistrate Judge's report without review. *Thomas*, 474 U.S. at 149. Moreover, having conducted its own review of the parties' briefs on the issue, this Court agrees with the conclusions of the Magistrate Judge.

Accordingly, the Court adopts in whole Magistrate Judge Hemann's findings of fact and conclusions of law and incorporates them fully herein by reference. Therefore, the Court **GRANTS** Plaintiffs' Motion for Back Pay From Settlement Date.

IT IS SO ORDERED.

Dated: January 5, 2006                    s/ *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE